BENJAMIN B. WAGNER
United States Attorney
DONNA L. CALVERT
Acting Regional Chief Counsel, Region IX,
Social Security Administration
SHEA LITA BOND, SBN D.C. 469103
Special Assistant United States Attorney
      333 Market Street, Suite 1500
      San Francisco, California 94105
      Telephone: (415) 977-8943
      Facsimile: (415) 744-0134
      E-Mail: Shea.Bond@ssa.gov
Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**SACRAMENTO DIVISION**

| | |
|---|---|
| FELIX CORDOBA,<br><br>    Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of<br>Social Security,<br><br>    Defendant. | CIVIL NO. 2:10-cv-00558-EFB<br><br>STIPULATION AND ORDER SETTLING ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

      IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of SEVEN THOUSAND dollars and 00 cents ($7,000.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

      After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Plaintiff's counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA

Respectfully submitted,

Dated: November 23, 2011         /s/ *John V. Johnson*
                                 *(As authorized via email)*
                                 JOHN V. JOHNSON
                                 Attorney for Plaintiff

Dated: November 22, 2011         BENJAMIN B. WAGNER
                                 United States Attorney
                                 DONNA L. CALVERT
                                 Acting Regional Chief Counsel, Region IX
                                 Social Security Administration

                                 */s/ Shea Lita Bond*
                                 SHEA LITA BOND
                                 Special Assistant U.S. Attorney

                                 Attorneys for Defendant

**ORDER**

**APPROVED AND SO ORDERED:**

Dated: November 29, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE